UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No.: 17-5499(DSD/ECW)

Cheryl Ensenbach,

   Plaintiff,

v.               ORDER

Wal-Mart Stores, Inc.,

   Defendant.

   Kathleen K. Curtis, Esq. and Tewksbury & Kerfeld, PA, 88 South 10th Street, Suite 300, Minneapolis, MN 55403, counsel for plaintiff.

   Brandley R. Prowant, Esq. and Larson King LLP, 30 East 7th Street, Suite 2800, St. Paul, MN 55101, counsel for defendant.

This matter is before the court upon the motion for summary judgment by defendant Wal-Mart Stores, Inc. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court grants the motion.

## BACKGROUND

This negligence dispute arises out of plaintiff Cheryl Ensenbach's December 26, 2015, slip-and-fall incident at the Wal-Mart store in Fridley, Minnesota (the Store). On December 26, 2015, the Store opened for business at 6:00 a.m. Ball Dep. at 18:20-23. Snow fell that morning before the Store opened and accumulated in the parking area.[1] Ensenbach Dep. at 19:5-8.

---

[1] The Store's overnight stock employees arrived at 10:00 p.m. the previous night and the day-time employees arrived at 7:00 a.m.

December 26 is a busy shopping day at the Store. Ball Dep. at 18:20-23. The Store estimates that it had between 8,000 to 10,000 customers on December 26, 2015.[2] Id. at 80:22-81:1.

After an overnight snow fall of more than an inch, the Store's snow-removal contractor at that time, Dan's Professional Snow Removal (Dan's), typically started plowing the Store's parking area before the Store opened, and would finish depending on snow accumulation. Id. at 27:18-28:3. The Store required Dan's to prioritize, among other things, snow removal in the main drive, drive aisles, sidewalks, and other areas of heavy pedestrian traffic. Curtis Decl. Ex. 4 at 1. When the Store was particularly busy, such as on December 26, Dan's plowed the parking area's main aisles, but not necessarily the individual parking spots because the spots were in near-constant use. Ball Dep. at 27:1-17. Dan's typically did not rope off or isolate and plow whole areas of the parking area because of high demand for the parking spaces. Id. at 28:4-17. On the day in question, the parking spaces where Ensenbach fell were in constant use, thus, the snow closest to the parked cars could not be plowed. Id. at 62:2-7.

Instead, on busy days like December 26, Dan's continuously plowed the parking area to remove additional snow accumulation and

---

that morning. Ball Dep. at 20:3-21:3. Store employees park in the Store parking area, adding to the volume of cars in the parking area. Id.

[2] As a result, the Store's parking area was in constant use.

2

to keep the main aisles clear of snow. Id. at 27:5-17; 28:18-21. Dan's also occasionally used shovels to clear portions of the parking area, particularly around the cart-corral areas. Id. at 28:22-29:5. Dan's would move plowed snow to the far corners of the parking area. Id. at 25:17-22. In addition, Dan's typically applied salt before snow fall and returned to apply salt and to scrape as needed. Id. at 24:8-17. On the day of the incident, Dan's started plowing the Store's parking area at approximately 8:00 a.m. Id. at 57:12-58:15; Curtis Decl. Ex. 3 at 4.

Ensenbach arrived at the Store at approximately 10:45 a.m., accompanied by an eight-year old relative, and parked in aisle seven of the parking area.[3] Ensenbach Dep. at 16:12-17; Brandt Decl. Ex. E at 1. By the time Ensenbach arrived at the Store, Dan's had plowed a pathway in the middle of aisle seven and had plowed the entirety of the main pedestrian cross-walk to the Store's entrance.[4] Brandt Decl. Ex. E at 2. Dan's had not removed all the snow in the parking spaces to the left and right of aisle seven given the number of cars in the parking area, and at 11:22 a.m., Dan's was still actively plowing and salting. Id. at 9-10.

---

[3] The court has carefully reviewed the still photographs of the video footage of the Store's parking area on the day in question. This factual recitation is based in large part on those photographs, which included time stamps.

[4] Pedestrians and cars shared access to and from the Store through aisle seven. Id.

3

Ensenbach exited the Store at approximately 11:25 a.m. using the plowed pedestrian cross-walk. Id. at 4. When Ensenbach entered aisle seven, she initially walked in the middle portion of the aisle, which had been plowed providing an exposed asphalt pathway. Id. at 5; see also Ensenbach Dep. at 20:15-19. She moved to the right, however, to walk in the unplowed portion of the aisle, adjacent to the individual parking spaces, to avoid cars moving through the aisle. Ensenbach Dep. at 23:1-6.

About halfway through the aisle, Ensenbach slipped and fell, injuring her left knee. Id. at 23:17-18; 25:10-11. She required surgery to replace her ACL and MCL and post-operative physical therapy. Id. at 27:9-15.

On November 22, 2017, Ensenbach commenced this negligence action in Hennepin County District Court. She alleges that the Store did not properly maintain, inspect, and warn her with respect to the parking area conditions. Compl. ¶ 5. The Store timely removed and now moves for summary judgment.

## DISCUSSION

### I. Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

A fact is material only when its resolution affects the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. See id. at 252 ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient ....").

On a motion for summary judgment, the court views all evidence and inferences in a light most favorable to the nonmoving party. Id. at 255. The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings but must set forth specific facts sufficient to raise a genuine issue for trial. Celotex, 477 U.S. at 324. A party asserting that a genuine dispute exists - or cannot exist - about a material fact must cite "particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). If a plaintiff cannot support each essential element of a claim, the court must grant summary judgment because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. Celotex, 477 U.S. at 322-23.

## II. Negligence

A federal district court sitting in diversity jurisdiction applies the substantive law of the forum state, which in this case is Minnesota. First Bank of Marietta v. Hogge, 161 F.3d 506, 510 (8th Cir. 1998). Under Minnesota law, the elements of negligence are: breach of the duty of care, "resulting in an injury ... that

5

was the proximate cause of the breach." Engler v. Ill. Farmers Ins. Co., 706 N.W.2d 764, 767 (Minn. 2005).

A. Breach of the Duty of Reasonable Care

The Store argues that it is entitled to summary judgment because the undisputed material facts show that it did not breach its duty of reasonable care. ECF No. 24 at 9. The court agrees.

Under Minnesota law, "a landowner has a duty to use reasonable care for the safety of all persons on its premises." Mcllrath v. Coll. of St. Catherine, 399 N.W.2d 173, 174 (Minn. Ct. App. 1987)(citing Peterson v. Balach, N.W.2d 639, 647 (1972)); see also Adee v. Evanson, 281 N.W.2d 177, 179 (Minn. Ct. App. 1979) (holding that the extent of a landowner's duty to entrants on the land is "that of reasonable care under the circumstances."). "[A] landowner's exercise of reasonable care includes the duty to provide and maintain suitable access to and from buildings on the land." Mcllrath, 399 N.W.2d at 174. "When the owner fulfills that duty, there is no further obligation to maintain additional access even if such access has been created in the form of well-worn paths." deMeurisse v. Goldberg, No. C4-95-1351, 1996 WL 728, at *1 (Minn. Ct. App. Jan. 2, 1996). The factors to be considered in determining whether a landowner breached the duty of reasonable care are: "the circumstances under which the entrant enters the land; foreseeability or possibility of harm; duty to inspect, repair, or warn; reasonableness of inspection or repair, and

opportunity and ease of repair or correction." McIlrath, 399 N.W.2d at 174.

The undisputed facts show that Ensenbach entered the Store's parking area on a busy shopping day after a snow fall. By the time she arrived, Dan's had plowed a sizable, clear path through aisle seven and entirely plowed the pedestrian cross-walk and had laid salt before she exited. After exiting the store, Ensenbach walked through the cleared pedestrian cross-walk, turned right, and entered aisle seven. She initially walked through the plowed center-portion of aisle seven, but then moved directly into the plainly unplowed side of the aisle to avoid moving cars. She fell while in the unplowed portion of the aisle.

There is no dispute that Ensenbach was permitted to walk through the center of aisle seven; that the center of aisle seven was plowed and passable; and that she was not required to move to the unplowed side of the aisle. In addition, Ensenbach did not testify that the exposed asphalt in the plowed portion of aisle seven was slippery or otherwise hazardous. Indeed, the photographs show that the Store provided suitable access from the entrance through the plowed pedestrian cross-walk and center of aisle seven, and that the parking area was adequately maintained given the weather and high volume of customers that day. Moreover, the record shows that Dan's started clearing the accumulated snow well before Ensenbach arrived and was actively clearing snow during her

7

visit.

The crux of Ensenbach's argument is that the Store could have taken additional measures to prevent her injury. For example, Ensenbach argues that Dan's could have started clearing the snow earlier. The record shows that Dan's arrived at approximately 8:00 a.m., three-and-a-half hours before Ensenbach fell. By the time she arrived, Dan's had plowed the center of aisle seven and entirely cleared the pedestrian cross-walk. Though Ensenbach argues that Dan's could have started snow removal earlier, the record supports a finding that Dan's arrived early enough to provide the requisite suitable access; nothing more is required of the Store. See, e.g., deMeurisse, 1996 WL 728, at *2 ("[T]here is no authority for the existence of a duty to maintain more than a single suitable access point."). Ensnebach also argues that the Store could have removed the snow surrounding the parked cars in aisle seven. However, Wal-Mart's corporate representative offered uncontroverted testimony that the parking spaces in the zone of Ensenbach's fall were in constant use and, consequently, inaccessible to Dan's plowing. In effect, Ensenbach argues that the entire parking area should have been cleared, but that was impossible given the volume of customers that day, and the law imposes no such duty. See id. The question under the Minnesota negligence standard is not whether the Store could have done more, but rather, whether the Store satisfied its duty to exercise

reasonable care, i.e., provide suitable access, given the circumstances that day.

Under those circumstances, the Store provided a suitable pathway. Liability cannot be imputed to the Store based on Ensenbach's decision to move to the snowy portion of the aisle rather than using the more suitable, plowed path. Because the Store has not breached its duty of reasonable care, Ensenbach's negligence claim fails as a matter of law. As a result, the Store's motion for summary judgment must be granted.[5]

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion for summary judgment [ECF No. 23] is granted; and

2. This action is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: July 26, 2019

s/David S. Doty<br>
David S. Doty, Judge<br>
United States District Court

---

[5] Because the court concludes that the Store has not breached its duty of reasonable care, it will not consider the Store's remaining arguments.